**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION**

IN RE:

**FRANK J. RYAN,**

        Debtor.                                    Case No. 05-09488-8-JRL
                                                                         **Chapter 7**

_____

**ORDER**

       This matter is before the court on the trustee's objection to the debtor's claimed exemption in tax refunds. On February 13, 2006, the court conducted a hearing in Wilmington, North Carolina.

       The trustee's objection is based on the debtor's claimed exemption in state and federal tax refunds. On the petition date, the debtor had not filed his state or federal tax returns for 2004. After the meeting of creditors, the trustee insisted that the debtor file his tax returns. The debtor complied with this request and sent a copy of the federal return to the trustee. On November 28, 2005, the debtor amended his schedules and claimed an exemption in the refund proceeds.

       Although he filed an amendment to the schedules, debtor's counsel failed to attach the amended documents. The only document that could be accessed from the November 28 docket entry ("Docket Entry 8") was a notice of amendment. The Clerk of Court contacted debtor's counsel and on November 29, 2005, counsel emailed the amended Schedules B and C to the Clerk. The amended schedules were added to Docket Entry 8 and a corrective entry notification was entered on the docket dated November 29, 2005.

       On November 29, the trustee received an email with his daily summary of electronic filings. The

email contained a hyperlink to Docket Entry 8 but it did not access the correct documents. On November 30, the trustee received another daily summary email, which indicated that there had been a correction to Docket Entry 8. Although there was no hyperlink to the amended schedules, the trustee has free access to the electronic filing system and could have accessed the schedules at any time.

Rule 4003(b) provides that "[a] party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." An amendment is "filed" in this court when the document is electronically transmitted "to the Electronic Case Filing System," in a manner consistent with the Local Bankruptcy Rules, "together with the transmission of a Notice of Electronic Filing from the clerk." See Local Rule 5005-4(3) (2006).

After failing to attach the amended schedules to his original docket entry, debtor's counsel emailed the schedules to the Clerk of Court, as requested. The Clerk attached the amended schedules to Docket Entry 8, made a corrective entry notification on the docket sheet, and transmitted a "Notice of Electronic Filing." The trustee acknowledges that he received an email informing him of the corrective entry but argues that this email was not a "Notice of Electronic Filing."

Rule 4003(b) does not require an amendment to be served, but "filed," in order for the time period to commence for filing objections. In this case, the initial attempt at filing the amended schedules was unsuccessful but the trustee received notice of both the initial filing and the corrective entry by email. These emails constitute a "Notice of Electronic Filing" to the trustee, as the purpose of the daily summary email is to make the trustee aware of all electronic filings in his cases. Although debtor's counsel did not successfully transmit the amended schedules electronically to the filing system, the Clerk of Court

accomplished this on November 29, 2005. The Local Rules do not prohibit the Clerk from electronically filing a document on a debtor's behalf. As the amended schedules were electronically transmitted to the filing system and a "Notice of Electronic Filing" was generated, the amended schedules were "filed" pursuant to Rule 5005-4(3).

Based on the foregoing, the court finds that the debtor's amended schedules were filed on November 29, 2005. The trustee's objection to the claimed exemption is untimely as it was filed over 30 days after the amended schedules were filed. Accordingly, the trustee's objection is time barred by Rule 4003(b).

**So Ordered.**

**Dated:  March 13, 2006**

J. Rich Leonard
United States Bankruptcy Judge